IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                        Civ. No. 16-617 WJ/SCY
                                                          Cr. No. 96-186 WJ

SEFERINO MARTINEZ,

    Defendant-Petitioner.

## ORDER

THIS MATTER comes before the Court on the United States Motion for Stay of Proceedings Pending Opinion in *Beckles v. United States*. Civ. Doc. 4; Cr. Doc. 85. Petitioner filed his response brief on July 28, 2016. Civ. Doc. 5; Cr. Doc. 86. To date, the United States has not filed a reply and the time for doing so has passed. D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."). Accordingly, the Court will now consider the United States' motion. D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Correct Sentence") (Civ Doc. 1; Cr. Doc. 82) seeks relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act to be "unconstitutionally vague." Petitioner argues that pursuant to the Supreme Court's holding in *Johnson*, and the Tenth Circuit's subsequent retroactive application of the *Johnson* holding to the Sentencing Guidelines in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015),

Petitioner's Motion to Correct Sentence should be granted and Petitioner should be resentenced. (Civ. Doc. 1; Cr. Doc. 82).

The United States now moves to stay these proceedings on the basis that, on June 27, 2016, the Supreme Court granted the petition for writ of certiorari in *Beckles v. United States*, No 15-8544, to decide the question of whether the Supreme Court's holding in *Johnson* applies to the residual clause of the Sentencing Guidelines, USSG § 4B1.2, and, if so, whether it applies retroactively on collateral review. Civ. Doc. 4; Cr. Doc. 85. The United States argues that, because *Beckles* will determine whether Defendant may seek relief in these proceedings, this case should be stayed until the Supreme Court issues its decision. In response, Defendant argues that he would be unfairly prejudiced by a stay of these proceedings, and that a majority of courts have already held that *Johnson* is a substantive rule that applies retroactively to the Sentencing Guidelines on collateral review and that the Supreme Court is likely to agree, entitling Defendant to relief. Civ. Doc. 5; Cr. Doc. 86.

In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered the circumstances of each case individually.  In particular, the Tenth Circuit has based its determination on whether the defendant would be prejudiced by the stay. Indeed, where a defendant has alleged that he would be eligible for release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the government's request for a stay. *See United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying request for stay); Appellant's Brief in Opposition to Motion to Stay, No. 01010656542, at *3 (opposing government's request for a stay in part based on length of sentence and prejudice to defendant). Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy if the

Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the government's request for a stay. *See* Appellant's Motion to Reconsider Order Abating Appeal and Tolling Briefing, *United States v. Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. July 6, 2016) (granting motion to reconsider and abating case until the Supreme Court issues decision in *Beckles* where appellant did not argue a stay would be unfairly prejudicial).

In the present case, Petitioner argues that he will be unfairly prejudiced by a stay of these proceedings because without the Career Offender enhancement, his sentencing guideline range would be 135-168 months, or approximately eleven to fourteen years.[1] Civ. Doc. 5 at 2. To date, Defendant has served approximately twenty years of his sentence, and, as a result, if the Court were to grant him the relief requested, he potentially would be eligible for release. Given the indefinite status of *Beckles*, staying the case would result in Defendant remaining incarcerated during the pendency of the Supreme Court's review, even if his claim is meritorious. Accordingly, the Court agrees that to stay the case would be unfairly prejudicial to Defendant, and in light of the guidance from the Tenth Circuit on this issue, the Court finds that the request for a stay should be denied.

IT IS THEREFORE ORDERED that the United States' Motion for Stay of Proceedings Pending Opinion in *Beckles v. United States* (Civ. Doc. 5; Cr. Doc. 85) is **DENIED.**

*Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the United States has not filed a reply brief, Petitioner's representations on this point are uncontested.