# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. 96-CR-186 WJ

SEFERINO MARTINEZ,

    Defendant.

## MEMORANDUM OPINION REGARDING DEFENDANT'S URGENT MOTION FOR RELEASE FROM CUSTODY

THIS MATTER IS BEFORE THE COURT on Defendant's Urgent Motion for Release from Custody (**Doc. 129**). The Court, having already **DENIED** Defendant's Motion by a text-only docket Order of April 10, 2020, (Doc. 131), hereby supplements the text order with this Memorandum Opinion detailing the Court's reasons for denying Defendant's motion.

## BACKGROUND

In 1996, Defendant pleaded guilty to second degree murder. Defendant was sentenced to 327 months imprisonment, which he unsuccessfully challenged on appeal. Defendant commenced his five-year term of supervised release on January 13, 2020. (Doc. 14.) Less than two months later, the United States Probation Office ("USPO") notified the Court that Defendant had been terminated from the residential reentry program at Diersen Charities, a violation of the terms of his release. (*Id.*) USPO requested the Court revoke Defendant's supervised release. (*Id.*) At his detention hearing, over the objections of the Government and USPO, the Magistrate Judge ordered Defendant released contingent upon bed space availability at a halfway house. (Doc. 123.) Defendant then filed the instant motion requesting immediate release and informing the Court that

bed space had become available at Hoffman Hall Sober Living Home. (Doc. 129). The Government strongly opposed the Motion and asked the Court to detain Defendant pending the final revocation hearing. (Doc. 130.) The Government cited "Defendant's lengthy and extremely troubling criminal history" dating back to the age of 16 when he was charged for attempted criminal sexual contact with a minor. (*Id.*) The Government pointed to Defendant's admitted sexual contact with minors who happened to be his sisters, charges of aggravated battery and larceny, armed robbery, and his conviction for second degree murder as reasons why Defendant should not be released. (*Id.*)

## DISCUSSION

To qualify for release pending the final adjudication of petition to revoke supervised release, the burden rests on the Defendant to "establish[ ] by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

While the Magistrate Judge concluded that Defendant should be released if bed space became available in a halfway house, the undersigned judge agrees with the Government that Defendant's release, as requested, is inappropriate. First, according to USPO, Hoffman Hall is less secure and far less structured than a halfway house. (Doc. 130 at 6.) There are limited rules and very little oversight of residents. (*Id.*) The nature of the allegations against Defendant, namely, the possession of pictures of unsuspecting community members' buttocks, pornography, and nude photographs of himself with an erection, (Doc. 114-2), demonstrates to the Court that Defendant is not at all ready to live under the limited supervision that Hoffman Hall provides.

Second, and most importantly, given Defendant's long and violent criminal history, the Court finds that he has not met his burden to show that he will not pose a danger to the community.

2

At age 21, he was charged with a violent battery and larceny during which he forced the victim to undress. (Doc. 114-1 at 7.) At age 25, less than two months after completing his sentence for that crime, Defendant was charged with a violent robbery wherein he tied the victim up before threatening him with a knife and robbing him. (*Id.* at 8.) At age 26, just over a year after that offense and while on probation, Defendant was charged with second degree murder, after he and his girlfriend brutally attacked a 17-year-old boy, leaving the victim's body to be eaten by dogs. (*Id.* at 3.) Defendant's adult criminal history, and indeed the majority of his life outside of prison walls, is rife with violence and antisocial behavior, to say nothing of his incestuous sexually deviant conduct as a juvenile. (*Id.* at 7.) Defendant has never really lived as a law-abiding member of society where members of the community can be safe, and his recent conduct following 27 years of incarceration indicates that nothing has really changed with the Defendant and thus, he remains a danger to the community.

**THEREFORE**, for the foregoing reasons, Defendant's Motion (**Doc. 129**) is **DENIED**. Defendant shall remain in custody pending final hearing on the revocation of his supervised release.

**IT IS SO ORDERED.**

					  _____
					  CHIEF UNITED STATES DISTRICT JUDGE